FILED
MARIE RAMSEY - HIRST COURT CLERK
CANADIAN COUNTY, OKLAHOMA

FEB 1 4 2014

IN THE DISTRICT COURT OF CANADIAN COUNTY
STATE OF OKLAHOMA

BY _____
DEPUTY

EVELIA HERNANDEZ,                           )
                                            )
            Plaintiff,                      )
                                            )
vs.                                         )    Case No. CJ-2014-95
                                            )
FARMERS INSURANCE COMPANY, INC.,            )
a foreign corporation,                      )
                                            )    CASE ASSIGNED TO:
            Defendant.                      )    GARY E. MILLER
                                            )

                    **PETITION**        JUDGE: _____

        COMES NOW the Plaintiff, Evelia Hernandez, and brings this action against Defendant,

Farmers Insurance Company, Inc., seeking relief pursuant to a contract of insurance by and between

Plaintiff and Defendant. In support thereof, Plaintiff shows the Court the following:

        1.      Plaintiff is a resident of San Marcos, San Diego County, California. The acts

described herein occurred in Canadian County, Oklahoma, and relate to a home insured by the

Defendant and owned by the Plaintiff, situated in Canadian County, Oklahoma.

        2.      Defendant, Farmers Insurance Company, Inc., is a foreign insurance company, doing

business in the state of Oklahoma.

        3.      Defendant issued a homeowners insurance policy, "Landlords Protector Package"

number 0930772010 to Plaintiff, and at all times material hereto the policy was in full force and

effect. The insurance policy provided for, *inter alia,* loss for Vandalism, Burglary, Theft, Physical

Loss to Property, Loss of Rents and Emergency Repairs.

        4.      Plaintiff brings this action to recover damages and injuries and for the conduct of

Defendant as a result of their failure to pay benefits and deal with the Plaintiff fairly and in good

                                        - 1 -



faith, relating to an act of vandalism, theft and burglary to the subject property, which occurred between February 15, 2013 and March 17, 2013.

## FIRST CAUSE OF ACTION-BREACH OF INSURER'S DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff, for her first cause of action, adopts the foregoing and in addition thereto allege as follows:

5.     The Plaintiff is the owner of a rental property situated in the City of Yukon, Canadian County, Oklahoma, and insured by the Defendant. That an incident occurred between February 15, 2013 and March 17, 2013, wherein the home was extensively vandalized and numerous items within the home were stolen. The damage to the home included, but was not limited to, profanity and graffiti painted on virtually every wall, broken glass, paint strewn on carpet, showers and bathroom fixtures damaged, and numerous lights stolen, along with the refrigerator.

6.     On May 26, 2013, a Senior Claims Representative for the Defendant advised Plaintiff, "It has been determined that there would be no coverage afforded this loss...."

7.     That such "determination" by the Defendant's representative falsely states the home at issue was "vacated on or about the third week of January, 2013." In order to justify a determination of "no coverage afforded this loss", the Defendant arbitrarily and without factual support whatsoever conveniently designated an incorrect "vacate" date of on or about the third week of January, 2013. Said determination by the Defendant was for the sole purpose of excluding this vandalism and theft loss by claiming such loss occurred when the dwelling was vacant for more than 30 days just before the loss, which it was not.

8.     Plaintiff has made due demand on Defendant for payment of their policy benefits, and

met all conditions precedent for payment of those benefits.

9.    As a proximate result of Defendant's misrepresentation and breach of implied covenant of good faith and fair dealing, Plaintiff has incurred enormous expense for repairs, lost rents, suffered the loss of policy coverage, anxiety, worry, mental and emotional distress, loss of income, attorney expenses and other incidental damages, and has been damaged in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**THE RELIEF REQUESTED** is that Plaintiff recover damages for her first cause of action pursuant to the contract of insurance in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code and in excess of the policy limits and, that she recover attorney fees and costs incurred herein and any such other relief this Court shall deem just and equitable.

## SECOND CAUSE OF ACTION-PUNITIVE DAMAGES

Plaintiff, for her second cause of action, adopt the foregoing and in addition thereto allege as follows:

11.    Defendant has not acted in good faith to Plaintiff and has, in an attempt to circumvent payment of Plaintiff's policy benefits, breached its duty to protect its insured.

12.    In its handling of Plaintiff's claim, and as a matter of standard business practice in handling claims under these policies, Defendant breached its duty to deal fairly and act in good faith towards Plaintiff by:

A.    Denying payment and other policy benefits owed to Plaintiff at the time when Defendant knew that Plaintiff was entitled to those benefits;

- 3 -

B.    Failing to properly investigate Plaintiff's claims;

C.    Withholding payment of benefits to Plaintiff knowing that Plaintiff's claims to those benefits was valid;

D.    Refusing to honor Plaintiff's claims for reasons contrary to the express provisions of the policy;

E.    Refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

F.    Refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

G.    Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

H.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

I.    Forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable; and,

J.    Failing to properly evaluate any investigation that was performed, all in violation of the covenant of good faith and fair dealing.

13.    As a proximate result of Defendant's misrepresentations and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy coverage, anxiety, worry, mental and emotional distress, attorney expenses and other incidental damages, and has been damaged in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

14.    Defendant's actions have caused Plaintiff to suffer extra-contractual damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

15.    Defendant has acted intentionally and with malice toward Plaintiff and has been guilty of reckless disregard for the rights of the Plaintiff entitling her to punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**THE RELIEF REQUESTED** is that Plaintiff recover extra-contractual damages and for bad faith damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code for her second cause of action and any such other relief this Court shall deem Plaintiff may be entitled to.

## THIRD CAUSE OF ACTION-BREACH OF CONTRACT

Plaintiff, for her third cause of action, adopts the foregoing and in addition thereto alleges as follows:

16.    At the time of the vandalism, theft and burglary incident, Plaintiff was insured for, *inter alia,* loss for Vandalism, Theft, Burglary, Physical Loss to Property, Loss of Rents and Emergency Repairs, and payment coverage under the policy of insurance written by Farmers Insurance Company, Inc.

17.    As insured, the Plaintiff is entitled to timely payment of policy benefits including, but not limited to, loss for Vandalism, Theft, Burglary, Physical Loss to Property, Loss of Rents and Emergency Repairs.

18.    Farmers Insurance Company, Inc. has failed to make timely payment of loss for Vandalism, Theft, Burglary, Physical Loss to Property, Loss of Rents and Emergency Repairs coverage and benefits under the contract for insurance and as such, has breached the contract of insurance.

- 5 -

**THE RELIEF REQUESTED** is that Plaintiff recover damages for her third cause of action pursuant to the contract of insurance in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code and in excess of the policy limits and, that she recover attorney fees and costs incurred herein and any such other relief this Court shall deem just and equitable.

**THE RELIEF REQUESTED BY PLAINTIFF** for all of her causes of action is that she have and recover damages under the contract of insurance in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; that she have and recover extra-contractual damages and for bad faith damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code; that she have and recover punitive damages in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code and in accordance with Oklahoma law; that she have and recover attorney fees and costs incurred herein; and any such further relief this Court shall deem just and equitable.

DATED this 14th day of February, 2014.

Respectfully submitted,

Tom C. Gibson, OBA No. 21191
Tom C. Gibson, PLLC
508 W. Vandament Avenue, Suite 310
Yukon, Oklahoma 73099
(405) 354-2900 telephone
(405) 354-7557 facsimile
Attorney for Plaintiff

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

- 6 -